Your Honors, Frank Morrell for Appellant Maricia Garcia Your Honors, this case presents one issue and one issue only and that is whether a conviction under California Welfare and Institutions Code 10980C2 constitutes a crime for which a person who has been here illegally for various years cannot apply for cancellation or removal under 248B1. We contend that this conviction should be treated as a petty offense under 212A2AII from numeral 2 as opposed to it being considered under 237A2AII. And the reason is this. Under 237A2AII, there are two elements to a conviction of moral turpitude. The first element is a crime committed for which the term of imprisonment can be one year or more and the second is that it has to be committed within five years of an admission. The problem is there is no petty offense exception in 1227A2A. That is correct. But what I'm saying is that I don't believe this is an offense that falls within 237A2I for the simple reason that the element of within five years of admission is missing. This person is an illegal alien. She came to the United States in 87, I believe August of 1987. And in the definition of 237A2I, you have to have an admission within five years. So basically you're saying the law should apply to aliens who are legally admitted but those who come in illegally should not be subject to the law. Correct. Now, as a matter of philosophy, do you think that's the intent of Congress? And that is precisely the issue. And my answer is yes, I believe so. And let me tell you why. On the matter of Gonzalez-Gonzalez decided by this court, you have a quote which goes to this effect. In Taguchi v. Schultz, 303, Feb. 3, 1950, that was a Ninth Circuit case decided in 2002. Upholding 212H. 212H is that section of the Immigration Code that forgives certain crimes committed and permits an entry after the waiver is granted. It provides relief from deportation for undocumented aliens but not for legal aliens. As a matter of fact, an LPR, a legal resident, who commits a crime of aggravated felony, which was in the definition of 101A43, is excludable forever. Whereas an individual who is an illegal alien can be granted a waiver under 212H. And it goes on to say who commits aggravated felonies by reasoning that LPRs enjoy substantial rights and privileges not shared by other aliens. And therefore, quotes, it is arguably proper to hold them to a higher standard and level of responsibility. We're not talking about LPRs here, though. We're talking about just admitted. So if you can be admitted and not be an LPR. Well, yeah, the court decided later on in our case that even an admission with a visa, any kind of visa, B-1, B-2, L, whatever, that constitutes an admission. That's correct. But please understand that IRERA changed all these definitions back in either September 1996 or later on in April 1997. A lot of the definitions had been changed by the IRERA law. And one of the definitions changed was admission. And Congress knew very, very well what it was saying when it prescribed that the offense had to be committed within five years of an admission. And so I asked this court to find essentially what was found in Moore v. Ashcroft 251F3, which is an 11th Circuit case, very similar, in that Congress intended to make it a condition for people who had legally entered, normally as LPRs, now found to be also entrenched for other kinds of visa, to hold them at a higher standard than an illegal alien who has fallen into that situation. So how do you distinguish Gonzales-Gonzales? Well, Gonzales-Gonzales actually went against the respondent for other reasons. But the reasoning in Gonzales basically says aliens who enter this country legally would have greater rights to apply to Attorney General for cancellation. And it stands for that. Gonzales-Gonzales says, hey, you know, you're giving illegal aliens greater rights than you're giving people who are here legally. But you're asking us to do the exact same thing in this case. That is correct. Because I believe, and the code would bear me out, that the code specifically said within five years of admission. Why would Congress put that clause in there unless it intended to apply for people who were here legally? Because admission is a work of art. Admission, under the definitions, I believe it's 101A15 or 13, it actually is a very specific. Right. The statute just doesn't apply to a person who has not been admitted. Correct. Correct. Well, but in Gonzales – oh, go ahead. Go ahead. The words just don't fit, I guess. Well, under the statute, it's one of the elements, Your Honor. And essentially under 237A2I, it says within five years. And Congress knew what it was doing when it put that law in there. Please note that in the second part, in the double I section of 237AII, where it defines two crimes of moral turpitude and irremovable, it has no such condition. It says any two crimes committed by anyone, a person illegally, an LPR, whatever, you are removable from the United States. And you're not trying to create an exception for people who commit welfare fraud from – No, I'm not trying to create an exception. All I'm saying is that under these circumstances, this case went down as a misdemeanor, and therefore under 212A2II, the person has committed a crime which is one year and for which the sentence was less than six months. Do we know that, that it was in this record? That was part of the problem, Your Honor. And initially when the case came to the court, there were not sufficient documents to determine one way or the other, but it was extrapolated by the attorneys, and nobody briefed it that it was not a misdemeanor. But I do recall that counsel at the time asked the court for a continuance, which the court denied. Because the BIA applied Gonzales. Gonzales was the key and irrelevant. Correct. Yeah, the BIA applied Gonzales and let it go there. But, again, following that reasoning, the attorney at the time asked for a continuance to clear up the matter of whether this was or not a misdemeanor when it fell under 212A2, and the court denied that motion. So we never really were satisfied that this was a misdemeanor. But under California law, it's a wobbler.  That is, it's punished either by imprisonment in the county jail for one year or in prison. But if it's a wobbler, that doesn't necessarily translate to it being a petty offense. Correct. I agree. However, again, under 237A2i, you have a situation where one of the elements is missing. I suppose we could remand to fill in the gap if there was a problem about whether it wound up as a misdemeanor. What about the Chevron deference we owe to the BIA's interpretation of this statute? Well, the BIA has decided in various cases, and I had one of the cases for me, essentially, looking only at 212A2 on a case for spousal abuse, you know, under 237.5, under the California Code, basically saying this is a case as a petty offense. And there are several cases from the BIA deciding that strictly as a petty offense and not reaching it. In this case, was the BIA interpreting the statute, or was it trying to apply the law of this circuit? I think the court in BIA was trying to apply the Gonzalez-Gonzalez case and nothing else. But again, in the Gonzalez-Gonzalez case, it actually says, hey, you know, please look at Congress. Congress has decided that illegal aliens should be treated different from lawful permanent residents or people that come in legally. And we hold these people at a higher standard than people that came here illegally. That is why our argument is that this is really a petty offense as opposed to one that falls under 237A2. Any further questions? Thank you. Thank you. Good morning, Your Honors. I'm Erica Miles for Attorney General Holder. The court should deny this petition for review because the BIA correctly determined that Garcia's welfare fraud conviction made her ineligible for cancellation of removal because it is a crime involving moral turpitude for which she could have been sentenced for a year, as is described under 8 U.S.C. 1227A2, the deportability provision. This Court's decisions in Gonzalez-Gonzalez and Vasquez-Hernandez, which the government recently 28J'd, those two decisions govern in these proceedings here. Those decisions stand for the proposition that it does not matter if an alien was admitted, whether or not they came here lawfully or not is not the issue. The focus is on the crime of conviction. The focus is on the description of the crime of conviction, exactly. And this conviction at issue here, the welfare fraud conviction, is certainly one that is under or described in 1227A2. It is a crime involving moral turpitude and it could be sentenced for a year. And that is exactly what we have here. And those two decisions absolutely govern in this case. Counsel's argument that because she was ordered removed as inadmissible, that means she needs, that the 1182 provision is the one that needs to be the statute of analysis here is just simply incorrect under those decisions. And further support is found in the Gonzalez-Gonzalez and Vasquez-Hernandez cases here. Because in those cases, it was, again, another 1227A2 provision and it was for domestic violence. That provision requires an admission as well. The language there says that if a person commits this domestic violence provision any time after admission, same thing with the aggravated felony provision, 1227A2A, if it's convicted any time after admission. So both of those statutes, which this court's extensive case law shows it doesn't matter whether or not an alien was ever admitted in the first place, both of those statutes require an admission and have a temporal limitation just like this one. Yes, the focus in those cases was on the offense that because the sexual assault or whatever it was, it wasn't covered. It was only covered in one. Yes. In other words, they said, well, in Vasquez-Gonzalez, we said that we clarified that an inadmissible alien is ineligible for cancellation, not just for offenses described in 1182A2, but also for offenses described in the statute. So I – that's not exactly – that's a little different problem than we have here. Because there's no sort of near provision for domestic violence in 1182? Because we were not dealing with somebody who says that the offense is not a crime of moral turpitude because it's not covered by the statute. That was the argument in Vasquez – Gonzalez and Vasquez. Right. But the analysis was that a deportability provision statute can still be held against somebody who was never admitted and is ordered removed because they're inadmissible. Because in there, the Petitioner's argument would have been, I was never admitted and, therefore, I would have – you would have to look under 1182 to see if I committed a crime described in 1182. And this Court held it's not just the 1182 provisions. It's also the 1227A2. Right. For the offenses. Because otherwise Congress would have created a giant exception for these sexual or for the child beating or whatever it was in domestic offenses. Right. And the same goes for aggravated felony. But the point is that Congress – that the requirement of admission is tethered to whether or not somebody's deportable, not to the actual description of the crime. You look to 1227A2 to just look at what they're describing as a crime that makes somebody ineligible for cancellation of removal. You don't look at whether or not they were admitted, let alone, you know, when they committed the crime. Same thing with domestic violence. Same thing with the aggravated felony provisions. You don't look at whether the person was admitted. And you don't – and you don't look at to whether or not they committed the crimes after they were admitted. That temporal requirement in those statutes, too. And I would also like to address counsel's argument that if this Court were to adopt that, in this case, the 1182 provisions, the one that needs to be looked at, not the 1227A2, remand would be futile to look at whether or not he would – he would qualify for the petty offense exception. Because the record is clear, as it stands right now, that the petty offense exception would not apply. He would – he has committed a crime, as described in 1182, and he's still ineligible – or she, excuse me, is still ineligible for cancellation of removal. The record shows that in November of 1996, she was convicted of a felony. The plea agreement says it was a felony. And she was granted probation and then sentenced to a certain period of time. What was it? Two days or something? I don't remember. But in any event, probation under this Court's well-established law in Robinson and Garcia – Gonzales-Lopez, excuse me – probation, an order granting probation, is not a judgment. And the only two ways that this felony – because you assume, for a Walbridge statute, you always presume that it is a felony unless it has been converted. And the only two ways it can be converted is if a judgment has been entered that converts it. We don't have a judgment here because probation was granted. Under Robinson, that is not a judgment. And also, we have nothing in the record to show that a judge ever converted this to a misdemeanor by order of the Court. We don't have that. So here – the record is clear that even under the 1182 provisions, she's still ineligible for cancellation of removal. Your adversary says that they asked for continuance to show that it ended up as a misdemeanor, that there was a judgment. Well, first of all – It wasn't granted. So I don't – what's – we just don't know. Sure. I'm not sure that – Well, first of all, that issue is weighed before the Court, and we have a sufficient record. But if you look at the record, if you look at the timeline, he's the one – at first he represented to the Court that there were no convictions at issue. Then he filed his cancellation of removal application on behalf of his client and represented she does, in fact, have this conviction, was on notice that they needed to overcome whether or not she's ineligible for cancellation of removal. And that was still prior to her hearing. She then shows up for her hearing that day, and she submitted – she herself submitted conviction documents. And this is what we have in the record, one submitted by her with the probation and one submitted by Homeland Security. This is all before her hearing. She shows up at her hearing and prepared to discuss whether or not this conviction renders her ineligible. She had every opportunity to try and provide whatever evidence is necessary to show that this is converted to a misdemeanor. Let me just ask you – Sure. In Vasquez-Hernandez, on page 1056, we talked about allowing an admissible alien to use a petty offense exception would result in the unacceptable result that illegal entrance requests for cancellation are treated more favorably than those for legal entrance. How do you think that affects our ruling in this case? Well, in this case, in Vasquez-Hernandez, they were raising a separate argument, not before this Court right now. And that argument was because she was ordered removed as inadmissible, she should have the petty offense exception applied to her, even though it's the 1227 deportability provision that's being applied against her to render her ineligible for cancellation or removal. And this Court then determined that it would create an absurd result that just because she's ordered removed as inadmissible, that she should be able to have the petty offense exception applied to her when somebody who would be ordered removed as deportable could not have that same benefit. And that's the absurd result. That situation is not here? The situation is here, but it has not been argued before this Court. But it's the same principle. But it's the same principle. And so under Vasquez-Hernandez, this Court cannot apply the petty offense exception to cure the 1227A2 bar. Thank you. Very briefly, Your Honor. Again, the second element of this matter, actually the first element in this case on 237A2 has not been met. There is no five-year admission. It is an element of the removable offense, which refers to a crime. Now, this is a crime of moral turpitude, which is different from the case of Vasquez-Hernandez, which was espousal abuse or 273.5. Counsel, do you know of any circuit court that's accepted the argument that an alien who enters illegally is not subject to this provision, the 237 provision? No, Your Honor. I'm not aware of anything like that. However, in Gonzalez-Gonzalez, it makes reference to Moore v. Ashcroft, 251 for the third, basically, where it states, and it is arguably proper to hold them, lawful permanent residents, to a higher standard and level of responsibility. That's the only one I can think of. But I'm asking you, if we accept your argument, we would be the first appellate court in the country to rule that way, right? Yes, I believe so. But, again, I think it's a clear intent by Congress, after revamping all the immigration laws in Irera, essentially, ADEPA came out on April 23, 1996. Irera came up in April of 1997. But the provisions under 301 of Irera became effective on September 1, 1996. And, by the way, this crime that Ms. Garcia committed was committed in November of 1997, two months short of the actual deadline, when any crime committed prior to September 1, 1996 would have applied the old law, which would have required one year imprisonment. So, I mean, all these things fit into the situation. But, again, I do believe that Congress had a clear intent in prescribing a five-year. You've more than used your time. Thank you, Your Honor. Thank you. The case just argued is submitted for decision.
judges: Collins, Schroeder, Rawlinson